## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

ARTHUR LEE RICHARDSON,

                    **Plaintiff,**

     **v.**                                     **1:06-cv-0171-WSD**

OFFICER T. SHILFBAUN; CITY
OF ATLANTA, GEORGIA,

                    **Defendant.**

## OPINION AND ORDER

This matter is before the Court on Plaintiff Arthur Lee Richardson's ("Plaintiff") Motion to Reopen Case [8]. In addition, Plaintiff requests the appointment of counsel to assist him with prosecuting his case.

On January 25, 2006, Plaintiff filed a Complaint against Officer T. Shilfbaun and the City of Atlanta, Georgia (collectively, "Defendants") alleging that Officer Shilfbaun violated his civil rights under 42 U.S.C. § 1983. Plaintiff, who was incarcerated at the time he filed his Complaint, simultaneously filed an accompanying Affidavit in Support of Request to Proceed *In Forma Pauperis* [2]. Defendant was released from incarceration sometime during February, 2006, and on March 16, 2006, Magistrate Judge Hagy ordered the Plaintiff to either pay the

appropriate filing fees or submit an appropriate financial affidavit seeking leave to proceed *in forma pauperis* ("March 16 Order") [4].  Plaintiff was given 30 days to meet this requirement and was advised that failure to do so could result in dismissal of his action.  Not having paid the filing fee or submitted an affidavit to proceed *in forma pauperis* by the date ordered by the Magistrate Court, on May 2, 2006, this Court issued an order ("May 2 Order") [5] dismissing Plaintiff's action without prejudice for failure to comply with the March 16 Order.

Twenty (20) months later, on January 15, 2008, Plaintiff filed a "Motion to Reopen Case" [8],[1] and requested the Court to appoint counsel to represent him. Federal Rule of Civil Procedure Rule 60(b) governs the reopening of cases:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4)

---

[1] Plaintiff has not actually filed a motion, but only submitted a notarized letter to the Court "asking the court please re-open this case and to appoint me a lawyer, who can help me with this case."  Motion to Reopen Case at 1.  The Court holds *pro se* pleadings to a less stringent standard than pleadings drafted by attorneys and construes them more liberally.  See Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).  The Court considers the notarized letter as Plaintiff's motion to reopen.

> the judgment is void; (5) the judgment has been satisfied, released or
> discharged; it is based on an earlier judgment that has been reversed
> or vacated; or applying it prospectively is no longer equitable; or (6)
> any other reason that justifies relief.

Fed. R. Civ. P. 60(b).   Plaintiff states in his motion that at some point in time after

he was released from jail in February, 2006, he moved to Los Angeles, California

so he could feel safe from Officer Shilfbaun.  Plaintiff claims that when he arrived

in Los Angeles, he became very sick and was "put in the hospital" where he "was

not able to contact any more of my family or the court."  Motion to Reopen Case at

p. 1.  On these cursory representations, Plaintiff asks this Court to reopen his case.

Although a court may consider a party's illness in determining whether to

reopen a case, "illness alone is not a sufficient basis for setting aside a judgment

under the first subdivision of this rule." Abbey v. Mercedes-Benz of North

America, 2007 WL 879581*1 (S.D.Fla. 2007).  "Should illness prevent compliance

with an order or deadline, the party should at least bring illness to the attention of

the court in a timely manner."  Id.  Any motion made under Rule 60(b) must be

made within a reasonable time, and a motion for relief due to excusable neglect

must be made "no more than a year after the entry of the judgment or order or the

date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

More than 20 months passed between the dismissal of Plaintiff's action and his Motion to Reopen Case, and it has been nearly two years since Plaintiff was directed to comply with the court's order to pay filing fees or submit an affidavit to support a request to proceed *in forma pauperis*. Over the last two years, Plaintiff has not met either of these requirements. While Plaintiff claims he was sick and in the hospital, there is no basis for the Court to determine the period of his hospitalization or whether that prohibited him, if at all, from complying, over the past two years, with the Magistrate Court's March 16 Order. Plaintiff's move to Los Angeles also does not provide a meaningful excuse for not complying with the court's orders.[2]

Plaintiff's motion also is not warranted under Rule 60(b)(6). Plaintiff has not stated any reason, other than his claimed illness of unknown duration, as to why he is entitled to relief under Rule 60(b). "The law is well-established that

---

[2] Plaintiff has not contended that he did not receive notice of either of the court orders. The Court notes that the docket reflects that Plaintiff filed a Notice of Change of Address on February 9, 2006 upon release from incarceration [3]. Plaintiff filed a second Notice of Change of Address on January 15, 2008 [7], the same date he filed his letter-Motion to Reopen Case. Plaintiff does not contend, nor is there anything to indicate, that he could not have filed an additional notice of change of address before or soon after his move to Los Angeles. That he was able to file these communications discredits that he was unable to pay the filing fee or to file his *in forma pauperis* affidavit.

Rule 60(b)(6) affords relief from a final judgment only under extraordinary circumstances." High v. Zant, 916 F.2d 1507, 1509 (11th Cir. 1990), citing Ritter v. Smith, 811 F.2d 1398 (11th Cir. 1987).  Extraordinary circumstances have not been shown here.[3]  Plaintiff simply has not shown sufficient grounds to warrant relief under Rule 60(b).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen Case [8] is **DENIED**.

**SO ORDERED** this 7th day of March, 2008.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[3] Any motion under Rule 60(b)(6) must be made in a "reasonable time." Plaintiff waited over twenty months to file his motion to reopen this case, during which time he never attempted to contact the Court.